In our opinion rendered on January 26, 1945, 20 So.2d 614, we clearly set out the issues involved in the case. We granted a rehearing in the case on the applications of defendants-appellants, in which applications defendants contended that we committed many errors, particularly in the following: "(1) That Lalanne was negligent in (a) not turning out onto the shoulder of the highway sooner than he did, and (b) in delaying unduly to start setting out his flares; (2) That Lalanne's said negligence was a proximate cause of the accident; and (3) That plaintiff was not guilty of independent contributory negligence which was the proximate cause of the accident". On rehearing, the defendants, both in oral argument and in brief, only re-urged the particular errors assigned, thus we are only concerned with such errors, if any.
[1] In oral argument and brief, the defendants partly quote from a paragraph of our decision in the case of Kent v. Lefeaux, La. App., 169 So. 793, 798, to-wit: "In order for plaintiffs to recover, they must show that the accident was caused by the fault of the driver of the Lefeaux car, as they allege in their petition. They must prove more than a mere probability as to the cause of the accident", contending that we applied the rule in reverse in this case. Defendants should have continued with the remainder of the paragraph, thus: "In these cases they have not only failed to prove with legal certainty that the alleged negligence of the driver of the Lefeaux car was the sole and proximate cause of the accident, but they have *Page 659 
failed to show the exact manner in which the accident occurred." A mere reading of our opinion, with the whole paragraph in mind setting out the rule in full, clearly shows that we applied this rule because we held that plaintiff had shown, by a fair preponderance of the evidence, that defendant Lalanne's negligence was a proximate cause of the accident and that plaintiff had clearly shown the exact manner in which the accident had happened, thus adhering to the rule announced.
[2] Defendant further complains that in our decision we held in effect that the defendants had not borne the burden of proof of Lalanne's freedom from actionable negligence, in discussing the question whether Lalanne had been unreasonably dilatory in starting to set out his flares, contending that the burden of proof rested on plaintiff to so prove, by quoting a part of a sentence contained in the opinion [20 So.2d 617] viz.: "In this case, the testimony does not satisfy us that the driver started as soon as he should have." Again we say that the defendants should have continued quoting the remainder of the sentence, to-wit, "as it seems to be borne out by a preponderance of the testimony that it was at least five minutes from the time the truck stopped until the accident occurred." To us, the sentence means "In this case, the testimony satisfies us that the driver did not start as soon as he should have, as it seems to be borne out by the preponderance of testimony thta it was at least five minutes from the time the truck stopped until the accident occurred."
As to the remainder of defendant's argument regarding Lalanne's negligence, the Emergency doctrine, the negligence vel non of Lalanne in starting to get his flares, the proximate cause of the accident and plaintiff's contributory negligence, suffice it to say that we have carefully re-read the record in this case, the briefs submitted on the first hearing, the opinion rendered and the briefs on this hearing, and we fail to find in the opinion any of the errors which counsel has endeavored to point out to us. But to the contrary we find defendants' contentions fully answered in the original opinion.
For these reasons, our former decree is reinstated and made the final decree of this court. *Page 670